Joseph S. Farzam, SBN 210817
James Doddy, SBN 233611
**JOSEPH FARZAM LAW FIRM**
A Professional Law Corporation
11766 Wilshire Blvd. Suite 280
Los Angeles, California 90025
Telephone: (310) 226-6890
Fax: (310) 226-6891

*Attorneys for Plaintiffs,*
GAETANO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN GAETANO, MARK GAETANO, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| PRINCESS CRUISE LINES, LTD., (d.b.a. PRINCESS CRUISES), | 1. NEGLIGENCE;<br>2. LOSS OF CONSORTIUM |
| Defendants. | |

COME NOW Plaintiffs, SUSAN GAETANO and MARK GAETANO, who file

this Complaint against Defendant PRINCESS CRUISE LINES, LTD., which does

business in California as "PRINCESS CRUISES", for injuries Plaintiff, SUSAN

GAETANO  sustained while a passenger aboard Defendant's vessel as follows:

1.      Plaintiffs SUSAN GAETANO and MARK GAETANO, married citizens of

California, were passengers aboard Defendant's vessel, ROYAL PRINCESS, when

SUSAN GAETANO was injured, directly and proximately by Defendant's negligence,

including but not limited to, failing to maintain a safe condition aboard its vessel, and/or

failure to properly warn plaintiffs and other passengers of dangerous conditions and taking appropriate steps to prevent harm to passengers.

2.      Defendant PRINCESS CRUISE LINES, LTD. is a Bermuda company with offices in Los Angeles County, California within the venue and jurisdiction of the above-entitled Court.

3.      Defendant was and is the owner and operator of the vessel upon which this Plaintiff was injured.

4.      Defendant's agent for service of process is CT CORPORATION SYSTEM located at 818 West Seventh St., Los Angeles, CA 90017

5.      Defendant maintains a regular place of business for the purpose of transporting passengers in California.

6.      Defendant advertises its services to the general public including to Plaintiffs at www.princesscruises.com.

7.      Defendant charges standard fees for its services in California.

8.      Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, others may be involved who or which are the agent, servant and/or alter-ego of Defendant and each other, and at all times herein mentioned, each was acting within the purpose and scope of said agency and direction with Defendant.

9.      Plaintiffs are further informed and believe thereon and allege that there exists such a unity of interest and ownership that the individuality and separateness of any division ceases to exist.  In addition, the activities are so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.

Any other entities, if any, are mere shells and a conduit for the conduct of the decisions by Defendants.  The recognition of any corporate separateness, if any, would not promote justice, and as such they constitute the alter ago of each other, and the fiction of their separate existence must be disregarded.  Accordingly, Plaintiffs are further informed and believe, and thereon allege, that a unity of interest exists to treat all such divisions as a single defendant. Accordingly, Plaintiffs reserve the right to amend their Complaint upon discovery of the identity of such entities.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

10.   Plaintiffs incorporate paragraphs 1-9 above, as if fully stated herein.

11.   On or about January 26, 2019, Plaintiff SUSAN GAETANO and her husband MARK GAETANO were in the "hot tub" on Lido Deck 16 at the Fountain Pool. As Plaintiff SUSAN GAETANO stepped out of the hot tub she placed her feet on a wood platform, dried off and put on her pool shoes.  There were three (3) small wooden steps leading down to the main deck and as she descended those steps to the main deck, the flooring then changed to a multi-colored vinyl-type composite material which was wet from the pool and hot tub water. As she stepped down onto the composite material with her right foot she slipped and landed on her left ankle/leg.  Plaintiff's husband MARK GAETANO was able to catch her which prevented her from falling backwards, but she hit her head on the steps. There were no railings to hold onto and no signs indicating that the floor, when wet, is very slippery.

12.   As a result of the negligence of defendants, Plaintiff SUSAN GAETANO suffered a dislocated left ankle and two fractures in her left leg, among other related

injuries.  Plaintiff  MARK GAETANO was present with his wife when she fell, and witnessed her fall and injury.

13.    Defendant had a duty to maintain a safe vessel for its intended purposes and/or to effectively warn as well as care for Plaintiffs as passengers aboard its vessel. Further, under general maritime law, Defendant owes passengers a duty to exercise reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 631-32 (1959).  This includes, but is not limited to, providing safety measures aboard the ship which Defendant was operating as well as warning the plaintiff of known dangers which Defendant created.

14.    At the aforementioned time and place Defendant(s) so negligently maintained, controlled, managed, operated, inspected, and\or supervised said vessel so as to prevent passengers, such as Plaintiffs, from being exposed to perilous and unsafe conditions, thereby causing Plaintiff SUSAN GAETANO to slip and sustain the hereinafter described injuries and damages.

15.    Defendants knew, or in exercise of reasonable care should have known, such actions and omissions constituted a dangerous and an unreasonable risk of harm of which Plaintiff at all times was unaware.

16.    Defendants knew, or in exercise of reasonable care should have known, such actions and omissions constituted a dangerous and an unreasonable risk of harm of which Plaintiffs at all times were unaware.  Defendants negligently failed to take steps to either make the condition safe or warn Plaintiffs and others of the dangerous condition, thereby causing the hereinafter-described injuries and damages to Plaintiffs.

17.   As the direct and proximate result of the negligence of the above named Defendants, and each of them, Plaintiff SUSAN GAETANO was hurt and injured in Plaintiff's health, strength and activity, sustaining serious injuries to her body and severe shock and injuries to the nervous system and person, all of which injuries have caused and continue to cause Plaintiff SUSAN GAETANO great mental, physical and nervous pain and suffering, all to the Plaintiff's general damages in an amount in excess of the jurisdictional minimum of this Court.

18.   As a further and direct and proximate result of the negligence of the Defendants, Plaintiff SUSAN GAETANO was required to and did incur medical and incidental expenses thereby.

19.   Plaintiffs are informed and believe and thereon allege that as the direct result and proximate cause of the negligence of the Defendants, and each of them, Plaintiff SUSAN GAETANO will, for a period to time in the future, be required to employ physicians and incur additional medical and incidental expenses thereby.

20.   At the time of the above-mentioned incident, Plaintiff SUSAN GAETANO was gainfully employed. As a further and direct and proximate result of the negligence of the Defendant(s), she was unable to attend to her employment, subsequently losing that income.  The exact amount of such damages is presently unknown to Plaintiffs and Plaintiffs will seek leave of court to amend this complaint to set forth the exact amount thereof when the same has been ascertained.

///

///

## SECOND CAUSE OF ACTION

## LOSS OF CONSORTIUM

21.     The Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs one (1) through seventeen (20) as though alleged originally herein.

22.     Defendant caused injuries to Plaintiff SUSAN GAETANO as a result of its negligence as alleged above.

23.     Plaintiff SUSAN GAETANO and Plaintiff MARK GAETANO were legally married at the time of the incident and continue to be married to this day.

24.     Due to the life altering injuries suffered by Plaintiff SUSAN GAETANO, which resulted in multiple surgeries and lengthy recovery times, Plaintiff MARK GAETANO has suffered physical, psychological and emotional pain and anguish due to Plaintiff SUSAN GAETANO'S inability to provide providing the love, affection, companionship, comfort or sexual relations concomitant with a normal married life.

25.     Defendant's negligence as described above was a substantial factor in causing Plaintiff MARK GAETANO's serious physical, psychological and emotional pain.

## PRAYER

**WHEREFORE,** Plaintiffs pray for judgment against the Defendant, as follows:

1.     General Damages according to proof at the time of trial;

2.     Medical and incidental expenses according to proof;

3.     All other special and incidental damages according to proof;

4.     Loss of earning according to proof;

5.     Costs of suit incurred herein;

6.      Such other and further relief as the Court may deem just and proper.

DATED: January 22, 2020                JOSEPH FARZAM LAW FIRM

                                       Joseph S. Farzam, Esq.
                                       James Doddy, Esq.
                                       Attorneys for Plaintiffs, GAETANO

## **JURY TRIAL DEMANDED**

Plaintiffs demand trial by jury of all issues so triable.

Dated: January 22, 2020                JOSEPH FARZAM LAW FIRM

                                       Joseph S. Farzam, Esq.
                                       James Doddy, Esq.
                                       Attorneys for Plaintiffs, GAETANO